**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **EVENT STRATEGIES, INC.** <br><br> Plaintiff, <br><br> v. <br><br> **JOHN DOE BANK.** <br><br> Defendant. | Civil Action No._____ |

### PLAINTIFF'S MOTION FOR DEFENDANT TO PROCEED UNDER A PSEUDONYM

Plaintiff Event Strategies, Inc. ("ESI"), by and through its counsel, moves this Court for an order granting it permission to maintain this action against a defendant named under pseudonym.[1]

### BACKGROUND

This action challenges a Congressional subpoena issued by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee") seeking Plaintiff's bank records. The subpoena at issue stems from the Select Committee's overbroad scrutiny of Plaintiff and Plaintiff's principal, despite the fact that Plaintiff's principal already sat for an interview with the Select Committee and produced documents in response to a separate subpoena, including financial and bank records pertaining to the only transactions involving Plaintiff that were related to the Ellipse Rally on January 6th.

The instant action names as a defendant the bank on whom the Subpoena at issue was served as John Doe Bank. Plaintiff understands that the Subpoena issued to John Doe Bank seeks nearly all of Plaintiff's bank records from October 1, 2020 to the present. Plaintiff seeks to name

---

[1] Plaintiff's counsel has conferred with Defendant Bank's counsel. They do not oppose this motion.

the bank under a pseudonym ("John Doe Bank") to ensure that Plaintiff's privacy rights are not violated by the free disclosure of its financial information. Plaintiff fears that widespread public disclosure of the identity of John Doe Bank may result in increased efforts to improperly access Plaintiff's private financial information or efforts to pressure Defendant Bank into terminating its relationship with Plaintiff. Thus, Plaintiff seeks to maintain this action with the bank named under a pseudonym.

## ARGUMENT

While FRCP 10(a) provides that pleadings must "name all the parties," District Courts have discretion to allow actions under pseudonyms.[2] To determine whether a party should be allowed to litigate under a pseudonym, courts in the Fourth Circuit are guided by at least five factors:

(1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;

(3) the ages of the person whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and,

(5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

---

[2] While the case law is typically directed towards efforts by *plaintiffs* to proceed pseudonymously, courts have acknowledge the existence and merits of litigation with pseudonymous *defendants*. *See District of Columbia v. Doe,* 611 F.3d 888, 894 (D.C. Cir. 2010) (lawsuit involving Doe defendant); *Doe v. Cabrera,* 307 F.R.D. I, 5 (D.D.C. 2014) ("To be sure, the plaintiff could have filed the complaint and concealed the identity of the defendant by identifying him as 'John Doe.'").

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993). Considering these factors[3], Plaintiff should be allowed to maintain this action with the Defendant Bank named under pseudonym.

    ***Preserving Privacy of a Sensitive Matter***. Plaintiff's interest in Defendant Bank's pseudonymity goes beyond the typical "annoyance and criticism that may attend any litigation." Rather, Plaintiff's desire to name its bank under a pseudonym seeks to protect both itself and Defendant Bank from improper and possibly criminal efforts to access Plaintiff's financial records. Bank records and other financial information are highly sensitive and confidential. *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 807 (E.D. Va. 2012) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712–713 (5th Cir.1979)) ("Where the issues involved are matters of a sensitive and highly personal nature, ... the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter."). Moreover, this action presents considerations not present in standard litigation – it takes place against the backdrop of a firestorm of media coverage regarding the Select Committee's investigation into the events of January 6th. Plaintiff reasonably fears that if the name its bank was made public, hackers interested in Plaintiffs' confidential information would go after the Defendant Bank's records or political opponents of Plaintiff will subject Defendant Bank to harassment in attempts to compel Defendant Bank to terminate its relationship with Plaintiff.

    These concerns are not merely reflective of an interest in avoiding criticism or reputational harm, but implicate fundamental privacy interests involving personal information of the utmost intimacy. This factor weighs strongly in favor of non-disclosure of Defendant Bank's identity.

    ***Harm from Disclosure.*** Pseudonymous litigation is especially warranted where "the injury litigated against would be incurred as a result of [disclosure]." *Nat 'l Ass'n of Waterfront Emp'rs*

---

[3] The age of the person whose identity is shielded is not applicable and is therefore not discussed.

*v. Chao,* 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (quoting *Doe v. Frank,* 951 F.2d 320, 322-23 (11th Cir. 1992)). Plaintiff's lawsuit seeks to preserve its privacy rights by preventing the disclosure of its highly sensitive banking and financial information; that very right would be eroded by forcing disclosure of the identity of Defendant Bank. Plaintiff also fears that harm could flow from releasing Defendant Bank's name, specifically, that the bank and its records could be subject to cyber attacks or other attempts to illegally obtain Plaintiff's banking information. *See Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016)(allowing plaintiff to proceed under pseudonym, in part, because plaintiff could be targeted for retaliation, particularly given the significant media attention and "vitriolic" response by the public). While Defendant Bank already knows the identities of the parties, those that would be most likely to harm Plaintiff or Defendant Bank do not. Allowing Defendant to proceed under a pseudonym will prevent or minimize that potential harm.

*Whether the Action is Against a Governmental or Private Party.* Court's weigh this factor because "governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing" and so when the accused defendant is a private party, the factor weighs against allowing the plaintiff to use a pseudonym. *Candidate No. 452207*, 42 F. Supp. 3d at 810. This factor is not relevant here. In this situation, Defendant Bank is not charged with any wrongdoing – rather, Plaintiff seeks to proactively enjoin release of its records – and in any event, it is the identity of *defendant* that will be shielded from disclosure. The harm this factor vitiates against – the reputational risk to a defendant who must defend against allegations of wrongdoing from an unknown plaintiff – is simply not present here. Any reputational concerns on Defendant Bank's behalf are protected, not undermined, by granting this motion.

4

***Risk to the Opposing Party.*** This factor likewise seeks to protect private parties that are exposed to the risk of reputational and economic harms from having anonymous complaints made about their conduct in a lawsuit. *Candidate No.* 452207, 42 F. Supp at 810. The "fairness" consideration typically suggests that a defendant is entitled to know who is bringing suit against it so that it can properly defend itself. However, in situations where a plaintiff seeks to proceed anonymously, courts find that disclosure of the plaintiff's identity to the defendant vitiates any risk of unfairness. *See A.D. v. Wyndham Hotels & Resorts, Inc.,* No. 4:19CV120, 2020 WL 5269758, at *2 (E.D. Va. Mar. 20, 2020), *order clarified*, No. 4:19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020)*; see also Cabrera*, 307 F.R.D. 1, 9 (D.D.C. 2014) (citing *Doe v. De Amigos, LLC,* No. 11-cv-1755, slip op. at 5 (D.D.C. Apr. 30, 2012); *E.E.O.C. v. Spoa, LLC,* No. CCB-13-1615, 2013 WL 5634337, at *3, *4 (D. Md. Oct. 15, 2013); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)); *John Doe Co. No. 1 v. CFPD,* 195 F Supp. 3d 9, 17 (D.D.C. 2016)("Thus, there is no prejudice to the CFPB's own institutional interest in knowing the plaintiff's identity[].").  Here, the identity of Defendant Bank is already known to all parties to this litigation. Defendant Bank does not oppose this motion. And, as explained above, Defendant Bank itself is helped and protected, not harmed, by preserving its anonymity in this proceeding.

## CONCLUSION

For these reasons, the Court should allow Plaintiff's action to proceed with Defendant Bank named under a pseudonym.

Dated: December 14, 2021    Respectfully submitted,

**COOK CRAIG & FRANCUZENKO, PLLC**

_____/s/_____
Christopher T. Craig VA Bar No. 36983
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480
ccraig@cookcraig.com

**GRAVES GARRETT, LLC**

Edward D. Greim (Mo. Bar #54034)*
1100 Main Street, Suite 2700
Kansas City, MO 64105
Phone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December 2021, the foregoing was served on counsel for Defendant Bank via electronic mail.

/s/
Christopher T. Craig (VA Bar No.36983
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480
ccraig@cookcraig.com
