IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EVENT STRATEGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21cv1387 (PTG/JFA) |
| ) | |
| JOHN DOE BANK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **ORDER**

On December 14, 2021, plaintiff filed a motion seeking leave for defendant to proceed under a pseudonym. (Docket no. 2). The fourteen-day period for any response to this motion has expired and no response or opposition has been filed.[1] Having reviewed the complaint, the motion, and the decision in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993), the court finds that plaintiff has not established good cause to permit defendant to use a pseudonym at this time.

The general rule is that pleadings must contain the names of all parties to the action. Fed. R. Civ. P. 10(a). This reflects the longstanding presumption that the public has a right to access judicial proceedings. *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012). In certain extraordinary circumstances, the court may allow a party to litigate under a pseudonym. *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2013). This "rare dispensation" is available only when privacy or confidentiality concerns are sufficiently critical. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). When determining whether to allow a party to use a pseudonym, the court has a duty to inquire into the unique circumstances in each case. *Id.* The

---

[1] Plaintiff indicated that it conferred with defense counsel and that defendant did not oppose the motion. (Docket no. 2 at 1 n.1).

1

Fourth Circuit has identified a non-exhaustive list of factors for courts to consider, including "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *See id.*

First, this case does not involve the type of "sensitive and highly personal" issues that courts have found sufficient to justify use of a pseudonym. Examples of such topics have included certain claims involving sexual misconduct, *see Doe v. Rector and Visitors of Geo. Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016); religion, *see Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 729 (W.D. Va. 2012); or other intimate personal matters, *see Candidate No. 452207*, 42 F. Supp. 3d at 808–09. In contrast, public disclosure of defendant's identity would not require disclosure of sensitive or highly personal information. Banks are frequently named parties to litigation, and defendant's identity does not implicate any privacy interest that plaintiff may assert in its own banking and financial records. Plaintiff argues that anonymity is necessary to prevent bad actors from illegally accessing its financial information (Docket no. 2 at 3) but these vague and unsupported fears are insufficient to justify such an extraordinary measure.[2] *See Public Citizen*, 749 F.3d at 274 ("[C]ourts consistently have rejected anonymity requests to prevent speculative and unsubstantiated claims of harm to a

---

[2] Notably, defendant did not file this motion seeking use of a pseudonym, did not join in plaintiff's motion, and did not file a response, which suggests that defendant does not share the same concerns about the need for anonymity.

2

company's reputational or economic interests."). Moreover, plaintiff's stated concern that its political opponents may pressure defendant to terminate their business relationship indicates that it is seeking defendant's anonymity to mitigate criticism that it may receive as a result of media coverage of the activities of the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). (Docket no. 2 at 3). Concerns about public criticism are common in litigation, and they do not override the presumption in favor of open judicial proceedings. *See Jacobson*, 6 F.3d at 238.

Second, there is no evidence that identification would pose a risk of retaliatory physical or mental harm to any party or non-parties. *See id.* Plaintiff does not suggest as much, but instead argues that the very privacy rights that it seeks to protect in its suit would be eroded if defendant were not permitted to proceed anonymously. (Docket no. 2 at 4). Plaintiff conflates the information that is the subject of this motion—defendant's identity—with the information that is the subject of its complaint. Plaintiff's suit seeks to prevent disclosure to the Select Committee of its financial records dating back to October 2020. (Docket no. 1 ¶¶ 1–3). The Select Committee presumably knows defendant's identity because it allegedly issued defendant a subpoena in November 2021. (Docket no. 1 ¶ 2). Allowing defendant to proceed under a pseudonym would prevent only public disclosure of the name of plaintiff's bank and denying anonymity would have no impact on the determination of whether the Select Committee's subpoena is proper.

Plaintiff argues that the third factor—the age of the person whose privacy is to be protected—is irrelevant (Docket no. 2 at 3 n.3) but it arguably weighs against use of a pseudonym. Courts are more likely to allow anonymity when doing so is necessary to protect the interests of a minor child. *See Jacobson*, 6 F.3d at 241; *see also Doe v. Stegall*, 653 F.2d

3

180, 186 (5th Cir. 1981). Defendant is not a minor child but is instead a presumably sophisticated business entity that is capable of protecting its own interests. Because plaintiff is not accusing defendant of misconduct and is not seeking use of a pseudonym for itself but is instead doing so for defendant, ostensibly for its benefit, the court agrees that *Jacobson* factors four—whether the action is against a government or private party—and five—the risk of unfairness to the opposing party—are not applicable. *See Jacobson*, 6 F.3d at 238. The court finds that the only three applicable *Jacobson* factors each weigh in favor of denying use of a pseudonym.

As an additional consideration, the court must balance "the party's stated interest in anonymity against the public's interest in openness." *See Public Citizen*, 749 F.3d at 274. As noted above, defendant has not stated any interest in maintaining anonymity, and plaintiff's interest is minimal. Furthermore, as plaintiff notes, the activities of the Select Committee have garnered extensive media coverage and public attention. (Docket no. 2 at 3). As a result, the public's interest in open proceedings is heightened. For these reasons, it is hereby

ORDERED that the motion for defendant to proceed under a pseudonym is denied.

Entered this 19th day of January, 2022.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

4